UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-60-RJC

| | | |
|---|---|---|
| WILLIAM L. REYNOLDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LEWIS SMITH, Administrator, | ) | |
| Albemarle Corr. Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of Respondent's motion for summary judgment on the claims presented by Petitioner in his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. For the reasons that follow, Respondent's motion will be granted and Petitioner's Section 2254 petition will be denied and dismissed.

**I.  BACKGROUND**

Petitioner is a prisoner of the State of North Carolina following his conviction on one count of felonious breaking or entering, one count of felony larceny, and having attained the status of habitual felon. On October 16, 2012, Petitioner appeared with counsel and entered guilty pleas to these charges in Lincoln County Superior Court and he was sentenced to a mitigated term of 101 to 131 months imprisonment. Petitioner did not appeal.[1]

---

[1] Petitioner pled guilty to these same charges in Lincoln County Superior Court on February 23, 2010, after reaching a plea agreement with the State. The plea agreement provided that in exchange for Petitioner's guilty plea, the State would agree to dismiss several other pending charges and Petitioner would receive a sentence of 135-months in prison. During the plea colloquy, the trial court informed Petitioner that his maximum possible sentence was 168-months in prison and no party objected. In fact, Petitioner's maximum sentence was 171-months in prison. After entry of judgment, on August 2, 2010, Petitioner filed a motion for appropriate relief (MAR) in the Lincoln County Superior Court contending that his guilty plea was knowing and voluntary because he was misinformed by the trial court regarding his maximum sentence; the trial court denied the MAR that same day. The North Carolina Court of

1

On December 14, 2012, Petitioner filed a pro se petition for a writ of certiorari with the court of appeals which was denied by the court in an order entered on December 31, 2012. (Doc. No. 6-6). This federal habeas petition follows and the claims will be addressed below.

## II. STANDARD OF REVIEW

### A. Summary Judgment

Summary judgment is appropriate where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

### B. Section 2254 Proceedings

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides for a constrained level review in a federal habeas proceeding:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

Appeals granted a petition for a writ of certiorari to review Petitioner's claims for relief. As is pertinent here, the court of appeals found that Petitioner's judgment should be vacated because he was misinformed about his maximum sentence and therefore his plea was not knowing and voluntary. Petitioner's judgment was vacated and his case remanded for a new trial. See State v. Reynolds, 721 S.E.2d 333 (N.C. Ct. App. 2012).

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### III. DISCUSSION

#### A. Federal Habeas Claims

In his first claim for relief, Petitioner contends that his conviction for having attained the status of habitual felon is unconstitutional because one of the underlying crimes which the State identified as a felony -- habitual impaired driving -- is not actually a felony and therefore he did not have the three predicate felonies to support the habitual felon conviction. (Doc. No. 1 at 5).

In his second claim, Petitioner contends that he receive ineffective assistance of counsel because his counsel did not give notice of appeal from his judgment and he did not consult with him about the possibility of appeal. (Doc. No. 1 at 11).

#### B. Non-exhaustion

As Respondent notes, Petitioner's claims are not exhausted as he has failed to present his claims to the Lincoln County Superior Court in a motion for appropriate relief. See 28 U.S.C. § 2254(b)(1)(A) (providing the federal district court shall not grant relief in a habeas proceeding for a petitioner that has failed to exhaust all of his available State remedies). However, the district may proceed to consider the merits of an otherwise unexhausted claim if the court finds that it is appropriate. See id. § 2254(b)(2). The Respondent has the ability to either assert this affirmative of non-exhaustion or it may waive the defense. Id. § 2254(b)(3).

In the present case, Respondent has pled the affirmative defense of non-exhaustion, however, the Respondent has briefed a response to Petitioner's claims for relief and moves this

Court to address the merits of the habeas petition because (1) it is meritless; and (2) it would likely preserve scarce judicial resources. (Doc. No. 6: Respondent's Brief at 2-3).

The Court finds that Petitioner's claims are in fact unexhausted because he did not avail himself of all of the post-conviction remedies that are available to him. Namely, Petitioner could have filed a motion for appropriate relief in the Lincoln County Superior Court and raised the present claims as provided for under N.C. Gen. Stat. § 15A-1415(b), and if his motion was denied then he would have to challenge the superior court's determination by filing a petition for a writ of certiorari with the North Carolina Court of Appeals. See N.C. Gen. Stat. § 15A-1422(c)(3) and N.C. R. App. P. 21(e).

    C.    Merits of Petitioner's Claims

        1.    Habitual Felon Charge

As Petitioner notes, there is a specific limitation on the right to appeal a sentence under North Carolina law. This limitation, as relevant here, is set forth in N.C. Gen. Stat. § 15A-1444(a1) which provides that:

> A defendant who has been found guilty, or entered a plea of guilty or no contest to a felony is entitled to appeal as a matter of right the issue of whether his or her sentence is supported by the evidence introduced at the trial and sentencing hearing only if the minimum sentence of imprisonment does not fall within the presumptive range for the defendant's prior record or conviction level and class of offense. Otherwise, the defendant is not entitled to appeal this issue as a matter of right but may petition the appellate division for review of this issue by writ of certiorari.

Petitioner quotes this statutory language in his § 2254 petition and clearly appreciates the express limitation that the State has placed on a defendant's right to appeal. (Doc. No. 1 at 10). Petitioner attempts to escape this statutory restraint by contending that his prior conviction for habitual impaired driving was not in fact a felony and without

4

consideration of this offense, he could not have been convicted as a habitual felon because he would only have had two predicate felony convictions. (Id. at 5-8). See N.C. Stat. § 14-7.1 (providing that any person with three prior felonies sustained in any state or federal court in the United States has attained the status of habitual felon and can be charged as a status offender). Petitioner's challenge to having attained the status of habitual felon will be denied for two reasons.

First, Petitioner entered a solemn plea of guilty to the charge and admitted that he had in fact attained the status of habitual felon. Second, Petitioner's contention that the habitual impaired driving conviction was not a felony under North Carolina at the time he was convicted is simply erroneous.

## Guilty Plea

On October 16, 2012, Petitioner appeared with counsel in superior court, was placed under oath and admitted to in fact being guilty of the charges of felony breaking or entering, felony larceny, and having attained the status of habitual felon. (Doc. No. 1-1 at 20-21: Transcript of Plea). Petitioner averred that he had discussed possible defenses to the charges with his attorney, that he understood the elements of each charge and that he was satisfied with his attorney's legal services. Petitioner acknowledged that he had the right to plead not guilty and contest the charges in a jury trial but that he was knowingly and voluntarily choosing to waive those rights. Furthermore, Petitioner stated that he understood that if his guilty plea was accepted that there would then be limitations on his right to appeal his conviction. (Id. at 20).

It is well understood that a valid plea of guilty represents an admission to the

material elements of a crime. McCarthy v. United States, 394 U.S. 459, 466 (1969). As just observed, during his plea hearing Petitioner admitted under oath that he understood each element of the crimes charged, that he was satisfied with the services of his attorney and that he was in fact guilty of the crimes charged: The sworn statements of a defendant during a plea hearing "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). On this record, it is plain that Petitioner's decision to plead guilty was both knowingly and voluntarily entered and that he stipulated that his prior habitual impaired driving offense was a felony.

## Habitual Impaired Driving

Notwithstanding the fact that Petitioner entered a knowing and voluntary plea of guilty to the habitual felon charge, his present contention that the charge is unconstitutional because it was only supported by two prior felonies is without merit.

The Lincoln County grand jury indicted Petitioner with being a habitual felon on the strength of three prior felony convictions. In particular, the grand jury found that Petitioner had been convicted on May 18, 1993 on the felony offense of habitual impaired driving. (Doc. No. 1-1 at 27: Indictment). On remand from the court of appeals, Petitioner stipulated that he had three prior felony convictions and had attained the status of habitual felon and he was sentenced to a term of 101 to 135 months in prison based on his admitted status as a habitual felon which is a sentence is in the mitigated range. Accordingly, Petitioner had no statutory right to appeal rather his only recourse was to petition the court of appeals for a writ of certiorari and that is precisely the route

Petitioner followed. The court of appeals denied his petition on December 31, 2012, and Petitioner then filed for federal habeas relief. See (Doc. No. 6-6: Reynolds v. North Carolina, No. P12-1040 (N.C. Ct. App. Dec. 31, 2012).

Attached to Petitioner's § 2254 application is a copy of the Judgment and Commitment form that details his 1993 conviction for habitual impaired driving under N.C. Gen. Stat. § 20-138.5, which provided for a presumptive term of one year in prison and a maximum term of 3 years imprisonment; Petitioner was sentenced to an active term of 2-years imprisonment. There is but no question that the Judgment and Commitment form defines the charge of habitual impaired driving as a Class J felony or that North Carolina law defined it as a felony at the time of his 1993 conviction. (Doc. No. 1-1 at 25). Petitioner's contention regarding the class of his habitual impaired driving offense is without merit.

Based on the foregoing, the Court finds that Petitioner had no statutory right to appeal because he was in fact an admitted habitual felon and his first claim will be denied.

2. Ineffective Assistance of Counsel

Petitioner's claim here is that his counsel was ineffective because he did not file a direct appeal from his judgment nor did counsel consult with him about whether he wanted to file an appeal. This contention is likewise without merit as it depends on a finding that Petitioner actually had a statutory right to a direct appeal under North Carolina law. As the Court has concluded, Petitioner did not have such a right. It follows then, that his trial counsel could not be ineffective with regard to the filing of a direct appeal that is (1) meritless as he plainly had three

predicate felonies; and (2) barred by statute. Moreover, Petitioner was informed during his sentencing hearing that his right to appeal would be limited following the acceptance of the guilty plea. Furthermore, Petitioner never contends that he asked his attorney about the potential merit of a direct appeal or that he instructed his attorney to file a direct appeal but he then declined to do so.[2]

Federal courts that have examined this issue have concluded that when a North Carolina defendant receives a sentence that is within the presumptive range he is not entitled to appeal as a matter of right the issue of whether his sentence was supported by the evidence. Put differently, a defendant "is not entitled to appeal this issue as a matter of right but may petition the appellate division for review of this issue by writ of certiorari." N.C. Gen. Stat. § 15A-1444(a1). See Bobbitt v. Walker, No. 5:01CV36-1-MU, 2001 WL 34013446, at *1 (W.D.N.C. July 11, 2001) (unpublished) ("Because Petitioner received a correct, lawful sentence with a minimum term falling within the presumptive range for the class of his consolidated convictions and his prior record level, he had no right to appeal.") (citing N.C. Stat. § 15A-1444(a1)), appeal dismissed, 20 F. App'x 229 (4th Cir. Oct. 15, 2011), cert. denied, 536 U.S. 929 (2002). See also Moore v. Hunt, 499 F. Supp. 2d (W.D.N.C. 2007) ("Indeed, '[i]n North Carolina, a defendant's right to appeal in a criminal proceeding is purely a creation of state statute.'") (quoting State v. Pimental, 568 S.E.2d 867, 869 (2002).

For the reasons stated, the Court finds that Petitioner cannot meet either prong of Strickland because he cannot (1) demonstrate that his counsel provided deficient performance

---

[2] In order to demonstrate a claim for ineffective assistance of counsel, a petitioner must demonstrate that his counsel's performance was objectively unreasonable and that the petitioner suffered resulting prejudice because of the deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

regarding counseling on a direct appeal that was prohibited by state law or (2) that Petitioner suffered any prejudice in not being able to present a meritless claim regarding his prior habitual impaired driving conviction.

Finally, finding merit in Petitioner's federal constitutional claim of ineffective assistance of counsel for failure to consult about an appeal or to file an appeal - - even when state law expressly disallows such an appeal - - would have the effect of creating a "new rule" of constitutional law which is expressly prohibited on federal habeas review. See Teague v. Lane, 489 U.S. 288 (1989). [3]

In Teague, the Supreme Court made clear that new rules of constitutional law do not apply retroactively to cases on collateral review unless one of two exceptions can be met. Id. at 310-11 (The "costs imposed upon the State[s] by retroactive application of new rules of constitutional law on habeas corpus . . . generally far outweigh the benefits of this application.") (quoting Solem v. Stumes, 465 U.S. 638, 653 (1984) (Powell, J., concurring in judgment).

The first exception to this rule is if the new rule places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." Id. at 311(quoting Mackey v. United States, 401 U.S. 667, 692 (1971)). The second exception applies to "watershed rules of criminal procedure . . ." Id. at 311. Neither of those exceptions applies in this case. Accordingly, Petitioner's second claim for relief will be denied in the alternative as barred by Teague.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner has failed to present any

---

[3] The Court first notes that the Supreme Court has held that "it is well settled that there is no constitutional right to an appeal." Abney v. United States, 431 U.S. 651, 656 (1977) (citing McKane v. Durston, 153 U.S. 684 (1894).

9

meritorious claims for relief and Respondent's motion for summary judgment will be granted.

**IT IS, THEREFORE ORDERED** that:

1. Respondent's motion for summary judgment is **GRANTED**. (Doc. No. 7).

2. The petition for habeas corpus will be denied and dismissed. (Doc. No. 1).

3. The Clerk shall terminate the motion in Docket Entry 5.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: March 14, 2014

Robert J. Conrad, Jr.
United States District Judge